NOT FOR PUBLICATION                                          [17,18]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE LEONE-ZWILLINGER, | Civil Action No. 04-5103 (FLW) |
| Plaintiff, | |
| v. | **OPINION** |
| STATE OF NEW JERSEY, JAMES E. MCGREEVEY, Governor of the State of New Jersey, in his individual and official capacties; YVONNE SEGARS, Public Defender of the State of New Jersey, in her individual and official capacities, and the OFFICE OF THE PUBLIC DEFENDER OF THE STATE OF NEW JERSEY, | |
| Defendants. | |

**WOLFSON, District Judge**

Presently before the Court is that portion of Defendants' motion for summary judgment concerning Plaintiff's "failure to rehire" claim, on which this Court reserved decision when the parties appeared before the Court for oral argument on March 20, 2007 on the parties' cross-motions for summary judgment. The Court having now considered Plaintiff's supplemental filing in connection with the "failure to rehire" claim, and Defendants' opposition thereto, and for the reasons stated in the opinion below, will deny Defendants' motion for summary judgment as to Plaintiffs' "failure to rehire" claim.

**I.      BACKGROUND**

Plaintiff Christine Leone-Zwillinger, formerly employed by the New Jersey Office of the Public Defender, filed suit against Defendants claiming that she was terminated from her employment on November 1, 2002 based on her political affiliation with the Republican Party. The parties filed cross-motions for summary judgment and appeared for oral argument on the cross-motions on March 20, 2007.

By Order dated April 12, 2007, this Court granted Defendants' motion, in part: (i) dismissing Plaintiff's claims against former Governor James McGreevey; (ii) dismissing Plaintiff's State law claims alleging a violation of public policy of the State of New Jersey on 11th Amendment grounds; (iii) dismissing Plaintiff's claims against the State of New Jersey and the Office of the Public Defender in light of the Court's finding that they are not "persons" within the meaning of 42 U.S.C. § 1983; and (iv) dismissing Plaintiff's claims arising under 42 U.S.C. § 1985. The Court denied Defendant's motion for summary judgment as to Plaintiff's claims against Yvonne Segars, Public Defender of the State of New Jersey, in both her official and individual capacities. The Court further granted partial summary judgment in favor of Plaintiff, finding that (I) the effective performance of Plaintiff's position as a Deputy Public Defender does not require affiliation with any particular political party, and (ii) Defendants are precluded from asserting same as a defense to the termination.

At the request of Plaintiff's counsel, the Court reserved decision on Defendants' motion for summary judgment on Plaintiff's "failure to rehire" claim, asserted in both Counts of Plaintiff's Amended Complaint. The Court noted during oral argument that it found no objection by Plaintiff to the dismissal of the "failure to rehire" claim in Plaintiff's opposition papers, but

2

permitted Plaintiff's counsel the opportunity to review the filings and submit a supplemental brief to the Court addressing issues related to the abandonment of this claim.

By letter dated March 21, 2007, Plaintiff's counsel confirmed that Plaintiff indeed did not intend to abandon the "failure to rehire" claim, despite Plaintiff's failure to address the merits of the claim in the briefs filed with this Court.  Plaintiff conceded that although Plaintiff did not devote a section of her opposition brief to the issue, Plaintiff nevertheless addressed the issue both in her Statement of Undisputed Material Facts and in Plaintiff's Document Appendix. To that end, Plaintiff argued the existence of disputed material facts in the record as to the "failure to rehire" claim that preclude summary judgment as to the claim.  Defendant responded by letter dated March 27, 2007, arguing that Plaintiff waived any argument as to the merits of the claim by failing to address them in her opposition brief.  Resolution of this last remaining issue is all that remains before the Court on the cross-motions for summary judgment.

## II.     DISCUSSION

To establish a prima facie case on a failure to hire claim, a plaintiff must show (1) that she is a member of a protected class; (2) that she applied for and was qualified for the job for which the employer was seeking applicants; (3) that despite her qualifications she was rejected; and (4) that the employer either ultimately filled the position with someone from a different class that would permit an inference of discrimination or continued to seek applicants from among those having plaintiff's qualifications.  Barber v. CSX Distribution Services, 68 F.3d 694, 698 (3d Cir. 1995); (citing Fowle v. C&C Cola, 868 F.2d 59, 61 (3d Cir. 1989)).  In seeking summary judgment, Defendants conceded that membership in a political party is a protected class, thereby satisfying the first prong, but argued that Plaintiff was unable to establish the remaining prongs.

Plaintiff concedes that in opposing the Defendants' motion for summary judgment, she failed to expressly address the merits of her "failure to rehire claim." Nevertheless, Plaintiff contends that disputed issues of material fact in connection with those claims were indeed set forth in her Statement of Undisputed Material Facts and in her Document Appendix and warrant a denial of Defendants' motion for summary judgment on this claim. Specifically, Plaintiff points out that the basis for Defendants' motion to dismiss the "failure to rehire" claim is its contention that the only positions available at the time of Plaintiff's application were for "staff attorneys" in the Law Guardian Unit, a position for which Defendants argue Plaintiff never applied and for which she was overqualified. Plaintiff contends, however, that Defendants' position in this regard is directly undermined by the facts in the record (see Plaintiff's Statement of Undisputed Material Facts ¶¶ 95-99), which demonstrate that Plaintiff made clear to Defendants that she was indeed interested in the staff attorney position and that Defendants never indicated to her at the time that they viewed her as overqualified for the position as they now assert. Plaintiff points to a letter she received from Defendants in response to her application for a staff attorney position in which they make no mention of her being overqualified and affirmatively state that she is well suited for the position in noting "We are very impressed with your credentials . . . [and] we will retain your resume should positions become available in the future." See Plaintiff's Appendix, Ex. 18.

Citing Nagle v. Alspach, 8 F.3d 141, 145 (3d Cir. 1993), Defendants respond by arguing that Plaintiff has waived her "failure to rehire" claim by failing to address it in her opposition brief. Alternatively, Defendants argue that summary judgment is nevertheless appropriate because Plaintiff's factual argument "falls flat." Defendants contend that the fact that they

4

considered Plaintiff's credential's "impressive" and agreed to hold her resume for any openings "fails to militate against the well-established principle that defendants are under no obligation to hire plaintiff as a staff attorney having terminated her from a manager position." Defendants' Supplemental Letter Br. at 2. Defendants, citing Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 118 (2d Cir. 1991) and Woody v. St. Clair County Commission, 885 F.2d 1557, 1561 (11th Cir. 1989), point out that an employer may legitimately refuse to hire persons who are overqualified for a position.

First, this Court disagrees with Defendants' contention that Plaintiff waived her "failure to rehire" claim. While it is true that "when a party fails 'to offer any argument or evidence . . . in opposition to defendants' motion for summary judgement [sic], such claims may be deemed to have been abandoned'", see Desyatnik v. Atlantic Casting & Engineering Corp., No. 03-cv-5441, 2006 WL 120163 at * 1 (D.N.J. Jan. 17, 2006) (quoting Curtis v. Treloar, No. 96-cv-1239, 1998 WL 1110448 (D.N.J. Aug, 27, 1998), here, where Plaintiff indeed disputed the abandonment of the claim during oral argument and requested an additional opportunity to demonstrate to the Court that evidence was indeed presented in opposition to Defendants' motion as to that claim, such claim will not be deemed waived. Moreover, Plaintiff did point to such evidence being in the record on the motion. Under these circumstances, Plaintiff has not been "permitted a second bite at the apple", as Defendants suggest.

Further, the Court finds that disputed issues of material fact with regard to Plaintiff's "failure to rehire" claim preclude the grant of summary judgment. Defendants assert as fact that Plaintiff was not given a staff attorney position because she was overqualified for such position. However, as Plaintiff demonstrates, the question of Plaintiff's qualification, or over-qualification,

5

for a staff attorney position in the Law Guardian Unit is disputed.  At no time has Plaintiff conceded that she was overqualified for a staff attorney position with the Law Guardian Unit in light of her experience and previous managerial position with the Office of the Public Defender and the letter she received thanking her for interviewing for a staff attorney position nowhere indicates that she was viewed by Defendants at that time as overqualified.  While the factfinder may ultimately conclude that Plaintiff was indeed overqualified, this Court is not prepared to do so on the record presented.   Accordingly, Defendants' motion for summary judgment as to Plaintiff's "failure to rehire" claim is denied.

### III.  CONCLUSION

For the reasons discussed herein, the court DENIES Defendants' motion for summary judgment as to Plaintiff's "failure to rehire" claim.  An appropriate order will follow.


Dated: April 19, 2007

/s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge